UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| IN RE: | CASE NO. 16-41215-AIH |
| DAWN M. JAMES | JUDGE ARTHUR I. HARRIS |
| Debtor | CHAPTER 7 |
| ANDREW W. SUHAR, Chapter 7 Trustee<br>29 East Front Street, 2nd Floor<br>P.O. Box 1497<br>Youngstown, Ohio 44501-1497 | Adversary Proceeding No. |
| Plaintiff, | |
| vs. | |
| MA MINERALS, LLC<br>Linda L. Harsh as Statutory Agent<br>25976 State Route 172<br>Minerva, Ohio 44657 | **COMPLAINT**<br><br>**TURNOVER OF PROPERTY** |

NOW COMES Plaintiff, Andrew W. Suhar, Chapter 7 Trustee, and for his Complaint alleges as follows:

1. This Court has jurisdiction over these proceedings pursuant to the provisions of 28 U.S.C. §1334, 28 U.S.C. §157 and 11 U.S.C. §542(b). This matter is a core proceeding as defined by 28 U.S.C. §157(b)(2)(A) and (E).

2. Determination of these matters is within the Court's constitutional authority as analyzed by the United States Supreme Court in *Stern v. Marshall,* 131 S. Ct. 2594 (2011) in response to the mandate contained in Rule 7008 of the Federal Rules of Bankruptcy Procedure, Plaintiff states that it consents to the entry of final orders or judgments by the Bankruptcy Court.

3.      The within bankruptcy proceeding commenced by the filing of a voluntary petition under Chapter 7 of the Bankruptcy Code on July 5, 2016.  Plaintiff is the duly appointed, qualified and acting Chapter 7 Trustee in this proceeding.

4.      MA Minerals, LLC is an Ohio Limited Liability company formed March 21, 2013 in which the Debtor is a member (Exhibit "A").

5.      The Debtor, Dawn M. James is a member of MA Minerals, LLC.  A copy of the Operating Agreement of MA Minerals, LLC is attached hereto and marked as Exhibit "B" (the "Operating Agreement").

6.      Section 7.1 and 7.2 of the Operating Agreement provide for transfers of an interest of a member.

7.      The transfers are limited to members "direct lineal descendants", or to the company itself.

8.      Section 8.1 of the Operating Agreement (Exhibit "B") causes a withdrawal event relating to the filing of a bankruptcy.  Dawn M. James' bankruptcy filing created a withdrawal event.

9.      The purchase of the interest is limited to the purchaser being the company with the purchase price being determined pursuant to section 9.3 of the Operating Agreement (Exhibit "B").

10.     Defendant has not tendered the purchase price for the bankruptcy estate's interest in the membership units of the Debtor, Dawn M. James.

11.     Defendant has failed to provide any distributions to the within bankruptcy estate since the Debtor's bankruptcy filing.

WHEREFORE, Plaintiff prays the Court enter judgment in favor of Plaintiff and against Defendant for the turnover of any distributions owed to this estate since the bankruptcy filing of the within bankruptcy, and to turnover the purchase price for the membership interest pursuant section 9 of the Operating Agreement. Plaintiff prays the Court grant such other and further relief as the Court deems equitable and just.

Respectfully submitted,

/s/ Andrew W. Suhar
ANDREW W. SUHAR, ESQ. Reg. No. 0058419
Attorney for Plaintiff
29 East Front Street, 2nd Floor
P.O. Box 1497
Youngstown, Ohio 44501-1497
Telephone: (330) 744-9007
Facsimile: (330) 744-5857
E-mail: asuhar@suharlaw.com