# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| IN RE: <br><br> **DAWN M. JAMES**, <br><br> Debtor. | **CASE NO. 16-41215-AIH** <br><br> **CHAPTER 7** |
| **ANDREW W. SUHAR, Chapter 7 Trustee**, <br><br> Plaintiff, <br><br> vs. <br><br> **MA MINERALS, LLC**, <br><br> Defendant. | **ADV PRO. NO. 19-4013** <br><br> **JUDGE ARTHUR I. HARRIS** |

## ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT TURNOVER OF PROPERTY

MA Minerals, LLC, an Ohio limited liability company, Defendant, in the above-captioned Adversary Proceeding ("Defendant"), hereby files its Answer and Affirmative Defenses (the "Answer") to the Complaint to Turnover of Property dated March 29, 2019 (the "Complaint"), filed by Andrew W. Suhar, in his capacity as Chapter 7 Trustee (the "Trustee" or

"Plaintiff") for Dawn M. James ("Debtor"), commencing this Adversary Proceeding. In support thereof, Defendant respectfully answers as follows:

1. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 1; accordingly, such allegations are denied.

2. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 2; accordingly, such allegations are denied.

3. The allegations in Paragraph 3 are admitted.

4. The allegations in Paragraph 4 are admitted.

5. The allegations in Paragraph 5 are admitted.

6. The allegations in Paragraph 6 are admitted.

7. The allegations in Paragraph 7 are admitted. Further answering, Section 7.2 of the Operating Agreement allows transfers to a revocable living trust under certain circumstances.

8. The allegations in Paragraph 8 are admitted.

9. The allegations in Paragraph 9 are admitted. Further answering, Section 9.1 of the Operating Agreement states, "In the event the Company does not exercise the option to purchase Units as provided hereinabove, the Withdrawing Member shall have no further options to sell his or her Units and he or she shall remain a Member of the Company."

10. The allegations in Paragraph 10 are admitted. Further answering, Section 9.1 of the Operating Agreement states, "In the event the Company does not exercise the option to purchase Units as provided hereinabove, the Withdrawing Member shall have no further options to sell his or her Units and he or she shall remain a Member of the Company."

11. The allegations in Paragraph 11 are denied. Further answering, Defendant made distributions to the Debtor.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

12. The Complaint fails to state a claim against Defendant or any other person upon which relief can be granted.

### SECOND DEFENSE

13. One or more of Plaintiff's claims is barred because Plaintiff, or any of its predecessors in interest (including the Debtors), has unclean hands.

### THIRD DEFENSE

14. One or more of Plaintiff's claims is barred by the doctrine of estoppel.

### FOURTH DEFENSE

15. One or more of Plaintiff's claims is barred by the doctrine of laches.

### FIFTH DEFENSE

16. One or more of Plaintiff's claims is barred by the doctrine of waiver.

### SIXTH DEFENSE

17. Defendant reserves the right to raise any additional affirmative defenses not specifically set forth herein as becomes necessary and appropriate during the discovery process.

WHEREFORE, Defendant respectfully requests that the Court enter an order granting the following:

(a) That the Complaint be dismissed with prejudice;

(b) That all costs of this action, plus reasonable attorneys' fees, be taxed against Plaintiff; and

(c) That Defendant has such other and further relief as this Court finds to be just, equitable and proper.

Respectfully submitted, this 10th day of May, 2019.

/s/ *Gregory W. Watts*
Gregory W. Watts (0082127),
KRUGLIAK, WILKINS, GRIFFITHS
 & DOUGHERTY CO., L.P.A.
4775 Munson Street, N.W./P.O. Box 36963
Canton, Ohio  44735-6963
Phone:  (330) 497-0700/Fax:  (330) 497-4020
gwatts@kwgd.com

*Attorney for MA Minerals, LLC*

# CERTIFICATE OF SERVICE

I certify that on 15th day of May, 2019 a true and correct copy of the foregoing *Answer and Affirmative Defenses to Complaint Turnover of Property* was served:

Via the Courts Electronic Case Filing System on these entities and individuals who are listed on the Court's Electronic Mail Notice List:

- **Andrew W. Suhar**  asuhar@suharlaw.com, mstewart@suharlaw.com;kdiana@suharlaw.com;scampbell@suharlaw.com;
- **Andrew W. Suhar**  trustee@suharlaw.com, oh36@ecfcbis.com;aws@trustesolutions.com;mstewart@suharlaw.com;AWS@trustesolutions.net
- **United States Trustee**  (Registered address)@usdoj.gov

>   */s/ Gregory W. Watts*
>   Gregory W. Watts (0082127), of
>   KRUGLIAK, WILKINS, GRIFFITHS
>   & DOUGHERTY CO., L.P.A.
>   gwatts@kwgd.com
>   *Attorneys for MA Minerals LLC*